524 So.2d 677 (1988)
LAWYERS PROFESSIONAL LIABILITY INSURANCE COMPANY and Florida Insurance Guaranty Association, Appellants,
v.
DOLAN, FERTIG & CURTIS, Appellee.
No. 4-86-1371.
District Court of Appeal of Florida, Fourth District.
February 17, 1988.
Rehearing Denied June 2, 1988.
G. Bart Billbrough of Walton, Lantaff, Schroeder & Carson, Miami, for appellants.
McClure & Associates, P.A., Vero Beach, and Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Retired, Associate Judge.
The issue here is whether an exclusion in the liability policy issued by Lawyers Professional Liability Insurance Company (LPLIC) is applicable to preclude coverage for a claim made against its insured, the appellee. We hold that it is and reverse the summary judgment entered in favor of the insured.
This case has been in litigation for a number of years. In 1980 the appellee law firm (Dolan) filed a multi-count complaint against Gulf Insurance Company and LPLIC[1] seeking, among other things, a declaratory judgment as to the liability of those two insurers under their respective professional liability insurance policies for a malpractice claim made against appellee, the insured under those policies. After it ultimately had been determined that there was no coverage under the Gulf Insurance Company policy for lack of timely notification, see Gulf Insurance Company v. Dolan, Fertig & Curtis, 433 So.2d 512 (Fla. 1983), appellee sought and obtained summary final judgment in its favor on the policy issued by LPLIC, the judgment now on appeal.
The policy issued by LPLIC had an effective date of November 20, 1979, with a retroactive date of November 20, 1977. The insuring agreement provided in part as follows:
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as money damages because of any claim or claims first made against the insured and reported to the Company during the policy period, arising out of any act or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer, subsequent to the retroactive date, and caused by the insured or any other person for whose acts or omissions the insured is legally responsible, except as excluded or limited by the terms, conditions and exclusions of this policy.

*678 (Emphasis supplied.) Under the heading "Exclusions" the policy stated:
This policy does not apply:
* * * * * *
i) to any claim arising out of any acts or omissions occurring prior to the effective date of this policy if the insured at the effective date knew or could have reasonably foreseen that such acts or omissions might be expected to be the basis of a claim or suit.
It is without dispute that prior to the effective date of the policy, Dolan had received notice from a former client, Charter Life Insurance Company, of the client's claim for malpractice arising out of acts or omissions which had occurred during the retroactive period (which claim in due course resulted in a judgment in favor of Charter against Dolan). Dolan's knowledge, prior to the effective date of the policy, of Charter's claim for malpractice falls squarely within the clear and unambiguous language of the exclusion.
The order granting the motion for summary judgment does not state a reason why the exclusion was not applied. Appellee argues here that the absence in the exclusionary language of any reference to the retroactive period makes the exclusion inapplicable to the retroactive period, an argument which we find to be without merit. Appellee also argues that even if the exclusion would otherwise be applicable, coverage existed by estoppel because one of LPLIC's agents specifically told a member of the appellee firm that there was retroactive coverage. However, no claim of coverage by estoppel was ever raised in the pleadings and was therefore not an issue before the trial court. Since the exclusion precluded coverage under the policy, the summary judgment in favor of appellee on this issue is reversed and the cause remanded with instructions that summary judgment be entered in favor of appellant on the coverage issue.
On the record before us there remains pending before the trial court issues made by the remaining counts of appellee's third amended complaint.
Reversed and remanded for further proceedings consistent herewith.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] Florida Insurance Guaranty Association is the successor in interest to LPLIC, which was adjudged insolvent.